IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LEROY JONES,<br>TDCJ NO. 639764, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-2079 |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Michael Leroy Jones, a TDCJ prisoner, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) contending that he was improperly denied time credit after his parole was revoked. The Respondent has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 13) that is supported by state court records. After reviewing the pleadings and the records, the court has determined that the Respondent's motion should be granted and this action should be dismissed.

## I.   Procedural History and Petitioner's Arguments

Jones is serving a 22-year sentence for burglary of a habitation with intent to commit theft, enhanced by prior felony convictions. <u>State v. Jones</u>, No. 611641 (248th Dist. Ct.,

Harris County, Tex., Oct. 31, 1991) (Docket Entry No. 9-1, p. 1 [TDCJ Records]; Docket Entry No. 9-2, p. 55 [Judgment on Plea of Guilty or Nolo Contendere Before Court]).   A procedural history concerning any appeal and post-conviction proceedings of the felony offense is not necessary because Jones does not attack the validity of his state court conviction.   Instead, Jones' petition concerns a time credit dispute that arose after his parole was revoked.

Jones was sentenced to 22 years in 1991.  He was released on conditional parole on May 29, 2008, and his parole was revoked on June 7, 2013.  (Docket Entry No. 9-2, p. 32)  Jones was granted jail time credit, but he forfeited credit for the four years, six months, and twenty-six days he spent while on parole ("street-time").  Id.  On August 19, 2013, Jones filed a time-credit dispute resolution form (TDR) with the TDCJ Classification and Records Division.  Id. at 33.  On August 28, 2013, the Classification and Records Division filed a response stating that there was no error in the calculation.  Id.

Jones filed a state application for a writ of habeas corpus in which he claimed that he was entitled to street-time credits for his 2008 parole release.  Id. at 6-18.  On August 27, 2014, the Texas Court of Criminal Appeals denied the application without written order on findings made by the trial court without a hearing.  (Docket Entry No. 12-1)  Jones' federal habeas petition was filed on July 14, 2014 (Docket Entry No. 1, p. 10), before the dismissal of his state habeas application by the Court of Criminal

-2-

Appeals.   See <u>Starns v. Andrews</u>, 524 F.3d 612, 616 n.1 (5th Cir. 2008).

Jones contends that TDCJ is illegally confining him because he has been wrongly denied credit for time spent on parole or "street-time."  He argues:

1.   The 1981 robbery conviction used to forfeit his street-time crime does not apply because he previously discharged the sentence;

2.   The 1981 robbery conviction has no relevance to the sentence for his 1991 burglary conviction that he is currently serving;

3.   The wrong legislative bill has been applied to him; and

4.   Jones has not been rewarded for the fees that he has paid or his time in compliance with parole supervision.

(Docket Entry No. 1, pp. 6-7)

## II.   <u>Respondent's Arguments</u>

Respondent argues that Jones' challenge to the forfeiture of street-time should be dismissed as meritless because Jones does not have any constitutional right to credit for street-time. Respondent further argues that Jones is not entitled to street-time credit under Texas statutory law in effect at the time of his revocation because he had been previously convicted of robbery. Respondent states that when the Court of Criminal Appeals denied Jones' state habeas application it adopted the state habeas court's findings, which were based in part on a credible affidavit from TDCJ official Charley Valdez setting forth the dates on which Jones

-3-

was released on parole and reincarcerated.  (Docket Entry No. 9-2, pp. 38-43)  Respondent further states that the Court of Criminal Appeals found that Jones forfeited four years, six months, and twenty-six days because he had previously been convicted of robbery.  Id. at 43.

### III.  **Standards of Review and Applicable Laws**

Jones' Petition is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C. § 2254; Woods v. Cockrell, 307 F.3d 353, 356 (5th Cir. 2002); Nobles v. Johnson, 127 F.3d 409, 413 (5th Cir. 1997), citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). A federal habeas petitioner challenging a state court decision is not entitled to relief unless the state court judgment:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 122 S. Ct. 1843, 1849 (2002), citing Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000).  Habeas relief should only be

granted if the state court's decision is both incorrect and objectively unreasonable. <u>Martin v. Cain</u>, 246 F.3d 471, 476 (5th Cir. 2001), <u>citing</u> <u>Williams</u>, at 1521.

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000); <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" FED. R. CIV. P. 56(c); <u>Dameware Development, L.L.C. v. American General Life Ins. Co.</u>, 688 F.3d 203, 206-207 (5th Cir. 2012). In considering a motion for summary judgment the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. <u>Id.</u>; <u>Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois</u>, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. <u>King v. Chide</u>, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial that

party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. Celotex, 106 S. Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). To meet its burden the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). A habeas petitioner cannot rely on "bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## IV. Analysis

The court reviews the merits of Jones' claims in light of the record of his state court convictions and TDCJ administrative determinations taken with regard to the record. Jones' TDCJ records show that he is eligible for parole consideration but indicate that it is not likely that he will be released until June 23, 2016, apparently because of his prior robbery conviction.

-6-

TDCJ   Website,   http://offender.tdcj.state.tx.us/OffenderSearch/ index.jsp.

## A.    No Constitutional Right to Street-Time

It is well established that convicted prisoners do not have a constitutional right to be released before the expiration of their sentences.  Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998), citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2103 (1979).  Furthermore, the Constitution does not guarantee prisoners the right to street-time credit if they are released and their parole is subsequently revoked.  See Morrissey v. Brewer, 92 S. Ct. 2593, 2600 (1972) ("If a parolee is returned to prison, he usually receives no credit for the time 'served' on parole."); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996) (petitioner's challenge to denial of credit for time served while on parole was meritless); Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) ("Under federal law, a prisoner does not receive credit towards his calendar time for time spent on parole if the prisoner violates the conditions of his release."), citing United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Connett, 464 F.2d 524 (5th Cir. 1972); Betts v. Beto, 424 F.2d 1299, 1300 (5th Cir. 1970).  Because there is no federal constitutional right implicated in the forfeiture, the remaining question is whether Jones has a right under state law to the time he spent out on the street before his parole was revoked.  See

Rhodes v. Thaler, 713 F.3d 264, 266 (5th Cir. 2013), citing
Kentucky. Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1908
(1989) (liberty interests may be invoked by the Due Process Clause
or by state law); Thompson, 263 F.3d at 426 (holding that the Due
Process Clause does not create a liberty interest in calendar-time
credit).

**B.    No Right to Street-Time Under Texas Law**

Before September 2001 Texas prisoners did not have a right to
street-time credit if their parole was revoked.   Johnson v.
Quarterman, 304 F. App'x 234, 235-236 (5th Cir. 2008); Whitley v.
Dretke, 111 F. App'x 222, 223 (5th Cir. 2004), citing TEX. GOV'T CODE
Ann. § 508.283 (Vernon 1998).   However, the Texas Legislature
changed the law, and some prisoners whose paroles were revoked
after September 1, 2001, may be entitled to street-time credit
under certain circumstances.   See Whitley, 111 F. App'x at 223,
citing TEX. GOV'T CODE Ann. § 508.283 (Vernon 2004).   The statutory
language applicable to Jones' claim is:

> (b)   If   the   parole,   mandatory   supervision,   or
> conditional pardon of a person described by Section
> 508.149(a) is revoked, the person may be required
> to serve the remaining portion of the sentence on
> which   the   person   was   released.   The   remaining
> portion is computed without credit for the time
> from the date of the person's release to the date
> of revocation.

TEX. GOV'T CODE Ann. § 508.283 (Vernon 2012).

Robbery, a second degree felony under Section 29.02 of the
Texas Penal Code, as well as aggravated robbery, a first-degree

-8-

felony under Section 29.03 of the Texas Penal Code, are both listed as offenses which render a prisoner ineligible for release on mandatory supervision and which also render a prisoner ineligible for time spent on parole or street-time credit. Tex. Gov't Code Ann. §§ 508.149(a); 508.283.   Consequently, Jones has no right under state law to street-time credit.

Jones was warned in writing when he was released on parole in 2008 that he was subject to street-time forfeiture if his parole was revoked pursuant to a rules violation.   See Certificate of Parole, Respondent's Exhibit A (Docket Entry No. 13-2, p. 3).   In denying Jones' state habeas application, the Court of Criminal Appeals adopted the state district court's findings as follows:

> 21. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was released to parole on May 29, 2008.
>
> 22. The Court finds, based on the credible affidavit of Charley Valdez, that a pre-revocation warrant was issued against [Jones] on August 19, 2010, and was executed against [Jones] on August 21, 2010.
>
> 23. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was released from custody when the pre-revocation warrant was withdrawn on September 17,2010.
>
> 24. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was given credit from August 21, 2010, until September 17, 2010.
>
> 25. The Court finds; based on the credible affidavit of Charley Valdez, that a pre-revocation warrant was issued against [Jones] on September 20, 2011, and was executed against [Jones] on July 12, 2012.

26. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was transferred to ISF custody on August 17, 2012.

27. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was released from custody when the pre-revocation warrant was withdrawn on November 14, 2012.

28. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was given credit from July 12, 2012, until November 14, 2012.

29. The Court finds, based on the credible affidavit of Charley Valdez, that a pre-revocation warrant was issued against [Jones] on December 27, 2012, and was executed against [Jones] on May 23, 2013.

30. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones'] parole was revoked on June 7, 2013.

31. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] was transferred to TDCJ custody on June 25, 2013, with credit allowed from May 23, 2013.

32. The Court finds, based on the credible affidavit of Charley Valdez, that [Jones] forfeited four years, six months, and twenty six days of "street time" credit for the period [Jones] was released to parole due to a prior conviction for robbery.

State's Proposed Findings of Fact, Conclusions of Law and Order (Docket Entry No. 9-2, pp. 41-43).

Based on the above findings the state habeas court concluded that Jones "fails to demonstrate that he is improperly denied time credits towards his sentence in cause number 611641." Id. at 44. The state court's factual findings are presumed to be correct. Register v. Thaler, 681 F.3d 623, 629 (5th Cir. 2012), citing 28 U.S.C. § 2254(e)(1).

-10-

Therefore, Respondent's Motion for Summary Judgment (Docket Entry No. 13) will be granted, and this action will be dismissed.

## V.  **Certificate of Appealability**

Under 28 U.S.C. § 2253 Jones needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his Petition.  To obtain a certificate of appeal-ability Jones must make a substantial showing of the denial of a constitutional right.  <u>Medellin v. Dretke</u>, 125 S. Ct. 2088, 2091 (2005); <u>Williams v. Puckett</u>, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing Jones must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004); <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Jones has not made a substantial showing of the denial of a constitutional right.  <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996).  The court will deny the issuance of a Certificate of Appealability.  <u>See</u> <u>Haynes v. Quarterman</u>, 526 F.3d 189, 193 (5th Cir. 2008).

## VI.  **Conclusion**

The court **ORDERS** the following:

1.  Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**.

2.    The Petition for a Writ of Habeas Corpus By a
      Person in State Custody (Docket Entry No. 1) is
      **DISMISSED WITH PREJUDICE**.

3.    A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 9th day of March, 2015.

_____
                SIM LAKE
UNITED STATES DISTRICT JUDGE